THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL FIRE & MARINE INSURANCE
COMPANY, a foreign insurer,

Plaintiff,

v.

NIGHTINGALE HEALTHCARE, LLC, a
Washington Company, d/b/a ARLINGTON
HEALTH AND REHABILITATION; and
DONALD STALLINGS,

Defendants.

NO. 2:25-cv-000751-JHC

**PLAINTIFF NATIONAL FIRE &
MARINE INSURANCE COMPANY'S
OPPOSITION TO DEFENDANT
STALLINGS' MOTION TO COMPEL**

NOTED ON MOTION CALENDAR:
MAY 1, 2026

## I.   INTRODUCTION

Defendant Donald Stallings asks this Court to order the extraordinary relief of forcing National Fire & Marine Insurance Company's ("MedPro") to produce its "entire claim file" without redactions, including attorney–client communications and attorney work product. That request disregards well-settled federal law and misstates Washington authority.

MedPro has already produced its claim file, properly redacting only those portions protected by the attorney–client privilege and work product doctrine, and has provided corresponding privilege logs consistent with Rule 26. Stallings has failed to meet his burden of

PLAINTIFF NATIONAL FIRE & MARINE INSURANCE
COMPANY'S OPPOSITION TO DEFENDANT STALLINGS'
MOTION TO COMPEL - 1
CASE NO. 2:25-cv-000751-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

establishing that he has a compelling need for opinion work product, failed to show that any mental impressions are at issue, and failed to make the threshold factual showing required to invoke *Cedell's* civil-fraud exception.

Additionally, MedPro has established that it fully complied with its discovery obligations by producing its claim file and withholding only a narrow set of documents properly protected by the attorney–client privilege and the work-product doctrine.

MedPro respectfully requests the Court deny Stallings' Motion to Compel, or in the alternative, order a targeted *in camera* review of the contested documents.

## II.    BACKGROUND

The following is a brief summary of the relevant facts of the case as they pertain to this Motion. This action arises from an underlying lawsuit filed by Stallings against Nightingale Healthcare, LLC.  MedPro provided insurance coverage and defense to Defendant Nightingale.

Even though MedPro defended Nightingale throughout the underlying lawsuit, the undisputed evidence shows that Nightingale, MedPro, and defense counsel Heather Jensen were aligned on litigation strategy through trial. That alignment only changed after the jury reached an excess verdict on February 27, 2025, after which Nightingale and Stallings entered into a Covenant Judgment. MedPro filed the present action for declaratory relief.  Defendants Stallings and Nightingale allege among other things that during the adjustment of the claim, MedPro failed to settle the Underlying Lawsuit within policy limits resulting in a jury verdict that exceeded policy limits.

### A.    MedPro's Production to Date

As identified in the Parties' Stipulated Motion to continue the Deadline, the Parties are in the midst of discovery. To date, MedPro has produced approximately 5,476 pages of documents. Of which, only approximately 32 pages of documents have redactions, and many of the emails within that set are duplicative. The withheld documents involve analysis by and

PLAINTIFF NATIONAL FIRE & MARINE INSURANCE
COMPANY'S OPPOSITION TO DEFENDANT STALLINGS'
MOTION TO COMPEL - 2
CASE NO. 2:25-cv-000751-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

communication with MedPro's attorneys who were not involved in the adjustment of the claim against Nightingale. *See* Declaration of Katharine Miller ("Miller Decl."), Ex. 1 & 2.

MedPro has diligently worked with Defendant Stallings' counsel to discuss any objections they had to withheld and/or redacted documents MedPro produced. At the onset of this case MedPro produced its Initial Disclosures pursuant to LCR 26 and accompanying privilege log. During the mandatory Joint Status conferral, Stallings' counsel, Brian Sullivan requested MedPro produce an unredacted claim file "up to the point of settlement." Miller Decl., Ex. 3. After the Parties spoke on August 5, 2025, MedPro agreed to produce the entire claim file with only 32 pages of partially redacted communications and accompanying revised Privilege Log (hereinafter "Supplemental Production"). See Miller Decl., Ex. 4 & 5. Defendant Stallings' counsel did not raise any objections after receiving the August 28, 2025, Privilege Log or production until just recently. MedPro's counsel explained its position but the dispute could not be resolved. See Miller Decl., Ex. 6.

### III.    ARGUMENT

As this Court has often stated, discovery motions are strongly disfavored, and parties should endeavor to resolve such disputes without the intervention of the Court. *See, e.g.*, *Larson Motors Inc. v. Gen. Motors LLC*, 2023 WL 346623, slip op. at 1 (W.D. Wash. 2023); *PCF Ins. Serv. Of the West, LLC v. Fritts*, 2024 WL 3966735, slip op. at 1 (W.D. Wash. 2024). Although MedPro attempted to work with Stallings to resolve these issues without court intervention, Stallings unfortunately chose to proceed with this motion.

Under the Federal Rules of Civil Procedure, a party is entitled to discover non-privileged information that is (1) relevant to any party's claims or defenses and (2) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). This, of course, excludes discovery of privileged information protected under attorney-client communications and attorney work product.

PLAINTIFF NATIONAL FIRE & MARINE INSURANCE
COMPANY'S OPPOSITION TO DEFENDANT STALLINGS'
MOTION TO COMPEL - 3
CASE NO. 2:25-cv-000751-JHC

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Specifically, Fed. R. Civ. P. 26(b)(3)(B) further safeguards opinion work product, including an attorney's mental impressions, conclusions, opinions, or legal theories.

If a party believes such requested discovery is being withheld inappropriately, it may move to compel. *See* Fed. R. Civ. P. 37(a)(1). The Court retains broad discretion in determining whether to grant such a motion. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

**A.      The Withheld Materials are Attorney-Client Communications and Work Product**

Stallings' Motion relies heavily on *Cedell v. Farmers Insurance Co. of Washington*, 176 Wash.2d 686, 295 P.3d 239 (2013) but his reliance is misplaced.  First, the withheld documents are privileged attorney/client communications between MedPro and its attorneys who are not involved in the adjustment of the claim against MedPro's insureds.  Even under *Cedell* Stallings' attorney/client privilege argument fails because they have failed to meet even the burden set by *Cedell*.  Second, the withheld documents are protected work product and Stallings fails to meet his burden established by the federal courts.

In bad-faith insurance claims in state court in Washington, there is a presumption of discoverability of the insurer's claim file for the claim that underlies the allegations of bad faith. *See Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 696–97, 699, 295 P.3d 239 (2013). But the federal courts have concluded that *Cedell* applies only to assertions of attorney–client privilege. *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-611, 2014 WL 2526901, at *8 (W.D. Wash. May 27, 2014); *see Young v. Safeco Ins. Co. of Am.*, No. C20-1816, 2022 WL 1404650, at *1 (W.D. Wash. May 4, 2022). In *Santiago v. GEICO Advantage Insurance Company*, the court expressly stated that "the work product doctrine, as opposed to the attorney-client privilege, is a procedural immunity governed by Federal Rule of Civil Procedure 26(b)(3)" and that "federal law applies to claims of work product protection." *Santiago*, No. 2:22-CV-01370-RSL, 2023 WL 3035464, at *2 (W.D. Wash. Apr. 21, 2023) (citing *Johnson v. Allstate*

PLAINTIFF NATIONAL FIRE & MARINE INSURANCE
COMPANY'S OPPOSITION TO DEFENDANT STALLINGS'
MOTION TO COMPEL - 4
CASE NO. 2:25-cv-000751-JHC

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

*Ins. Co.*, No. C11-0927RSM, 2012 WL 707160, at *1 (W.D. Wash. Mar. 5, 2012). The Court in *United States Fire Ins. Co. v. Icicle Seafoods, Inc*., expanded on this analysis. *United States Fire Ins. Co.,* C20-401 RSM, 2021 WL 3602523, at *5 (W.D. Wash. Aug. 13, 2021). The Court held, "whatever *Cedell* holds as to the presumptive inapplicability of the work product doctrine, those holdings are not binding in federal court" given that "Federal Rule of Civil Procedure 26(b)(3) invariably governs assertion of work product protection in federal court." *Id*., at n.2. Similarly, the Court in *MKB Constructors v. American Zurich Ins. Co.*, noted that *Cedell* "often conflates the attorney-client privilege and the work product doctrine" and that if an insurer fails to satisfy *Cedell* for attorney-client privilege purposes, claim file documents "may still be properly withheld if the insurer meets its burden for asserting protection under the work product doctrine based on Federal Rule of Civil Procedure 26(b)(3) and related federal case law." *MKB Constructors*, No. C13-0611JLR, 2014 WL 2526901, at n.6. (W.D. Wash. May 27, 2014).

Accordingly, Stallings cannot use *Cedell* to override MedPro's right to protect materials prepared in anticipation of litigation, including attorney mental impressions, legal strategy, and evaluations of risk.

**B.**      ***Cedell* Does Not Mandate Wholesale Production of Privileged Materials**

Based upon the foregoing, this Court has consistently held that documents in an insurance claim file prepared by in-house or separately retained coverage counsel analyzing coverage issues can qualify for work product protection under Federal Rule of Civil Procedure 26(b)(3). *MKB Constructors*, 2014 WL 2526901, at *8. ("*Cedell* is ... inapplicable when an insurer withholds documents under the work product doctrine in federal court." ) "Stallings' reliance on *Cedell* is  thus mistaken. Contrary to his arguments, *Cedell* does not stand for the broad proposition that an insurer must provide "all claims handling materials, even if those materials were generated by in-house attorneys." *See* Dkt. 58, p.3. This is because federal law, not Washington's *Cedell* framework, governs work product claims in federal court.

PLAINTIFF NATIONAL FIRE & MARINE INSURANCE
COMPANY'S OPPOSITION TO DEFENDANT STALLINGS'
MOTION TO COMPEL - 5
CASE NO. 2:25-cv-000751-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Under Fed. R. Civ. Pro. 26(b)(3), work product may be discovered only upon a showing of substantial need and undue hardship. As Stallings stated in his Motion, the Court in *MKB Constructors* applied the Ninth Circuit's holding in *Holmgren v. State Farm Mutual Automobile Insurance Co.*, 976 F.2d 573, 577 (9th Cir. 1992), in reaching its conclusion that opinion work product of insurer could be discovered and admitted in bad-faith insurance claim settlement case in which mental impressions of insurer were at issue and need for material was compelling. *See* Dkt. 58, p.5. However, Stallings overlooks that the holding in *Holmgren* imposes a higher burden for disclosure of opinion work product. An insured must show not merely "substantial need," but also that "the attorney's mental impressions are at issue" and that the need for the documents is "compelling." *MKB Constructors v. American Zurich Ins. Co.,* No. C13-0611JLR, 2014 WL 2526901, at *3 (W.D. Wash. May 27, 2014) (citing *Holmgren v. State Farm Mut. Auto. Ins. Co.,* 976 F.2d 573, 577–78 (9th Cir. 1992)) (emphasis added). This is a standard Stallings does not even attempt to satisfy.

Instead, Stallings erroneously relies on *Cedell* to suggest that unfettered access to the entire claim file alone establishes a "compelling need." *See* Dkt. 58, p.5. As the Court in *Holmgren* discussed, the need for opinion work product is deemed compelling only when mental impressions are *at issue*. Holmgren, 976 F.2d at 577. Here, all 32 pages of partially redacted documents relate to coverage communication that occurred within the first two months of the claim. *See* Miller Decl., Ex. 6. Stallings has not argued that MedPro erroneously denied Nightingale coverage in the Underlying Lawsuit. This is because in June 2023, approximately a month after the Underlying Lawsuit was filed, MedPro confirmed coverage would be afforded to Nightingale. *See* Miller Decl., Ex. 7. Stallings cannot and has not established that the mental impressions and opinions concerning coverage under the policy is at issue.

PLAINTIFF NATIONAL FIRE & MARINE INSURANCE
COMPANY'S OPPOSITION TO DEFENDANT STALLINGS'
MOTION TO COMPEL - 6
CASE NO. 2:25-cv-000751-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

MedPro respectfully requests the Court deny Defendant Stallings' Motion on the grounds that Stallings did not establish a compelling need as MedPro's mental impressions of regarding the coverage issues and potential litigation are not at issue here.

**C.      No Showing of Waiver or Civil Fraud Has Been Made**

In the alternative, Stallings argues that the *Cedell* civil fraud exception applies and permits piercing the attorney-client privilege in this matter. However, Stallings fails to explain to the Court how the civil fraud exception might apply here. Under *Cedell*, a court may conduct an *in camera* review of privileged materials only after the insured makes a threshold showing that "a reasonable person would have a reasonable belief that an act of bad faith tantamount to civil fraud has occurred." *Cedell*, 176 Wash. 2d 686 at 700 (emphasis added). *Cedell* requires the insured to show concrete factual support suggesting that counsel's advice was used to further fraudulent or unlawful conduct in order to pierce privilege. *Id.* A "factual showing of bad faith" is insufficient to trigger an *in camera* review. *Id.*

Here, Stallings offers no factual evidence to support his assertion. Stallings does not identify facts demonstrating (or even alluding to) conduct "tantamount to civil fraud." Instead, he relies on conclusory assertions and speculation about what the withheld materials *might* contain. That is not enough. This Court has emphasized that generalized accusations of bad faith, disagreement with claim handling decisions, or adverse coverage positions are insufficient to satisfy this standard. As such, MedPro respectfully requests the Court deny Defendant Stallings' Motion for that reason as well.

**IV.    CONCLUSION**

Stallings' Motion to Compel seeks relief that is unsupported by the law or the record. MedPro has already produced its claim file and withheld only a narrow set of materials properly protected by the attorney-client privilege and the work-product doctrine, supported by detailed privilege logs. *Cedell* does not override the work-product protection governed by Fed. R. Civ.

PLAINTIFF NATIONAL FIRE & MARINE INSURANCE
COMPANY'S OPPOSITION TO DEFENDANT STALLINGS'
MOTION TO COMPEL - 7
CASE NO. 2:25-cv-000751-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Pro. 26(b)(3). Stallings has failed to establish a compelling need for work-product, failed to show that any mental impressions are at issue, and failed to make the threshold factual showing required to invoke *Cedell's* civil-fraud exception. Accordingly, MedPro respectfully requests that the Court deny Stallings' Motion to Compel in its entirety. In the alternative, should the Court determine further review is necessary, MedPro requests that any review be limited to a targeted *in camera* inspection of the specific documents identified in Stallings' Motion.

I certify that this memorandum contains 2,104 words, in compliance with the Local Civil Rules.

Dated: April 27, 2026                          GORDON REES SCULLY
                                               MANSUKHANI, LLP


                                               By: *s/ Katharine M. Miller*
                                               Katharine M. Miller, WSBA #57777
                                               Neal Philips, WSBA #22350
                                               *Attorneys for Plaintiff National Fire &*
                                               *Marine Insurance Company*
                                               Gordon Rees Scully Mansukhani, LLP
                                               701 Fifth Avenue, Suite 2100
                                               Seattle, WA 98104

PLAINTIFF NATIONAL FIRE & MARINE INSURANCE
COMPANY'S OPPOSITION TO DEFENDANT STALLINGS'
MOTION TO COMPEL - 8
CASE NO. 2:25-cv-000751-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822