UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY, | CASE NO. 2:25-cv-00751-JHC |
| Plaintiff, | ORDER |
| v. | |
| NIGHTINGALE HEALTHCARE LLC, a Washington Company doing business as Arlington Health and Rehabilitation; DONALD STALLINGS, | |
| Defendants. | |

**I**
**INTRODUCTION**

This matter comes before the Court on "Counterclaim Plaintiff Donald Stallings' Motion to Compel Production of the Entire Claim File." Dkt. # 58. The motion seeks an order under Federal Rule of Civil Procedure 37(a) compelling Counterclaim Defendant National Fire & Marine Insurance Company (MedPro) to produce the entire claim file related to its handling of the insurance claims at issue here. For the reasons below, the Court GRANTS the motion.

ORDER - 1

## II
### LEGAL STANDARDS

District courts have "broad discretion" to "permit or deny discovery[.]" *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (cleaned up and citations omitted).  This discretion includes the power to compel disclosures required under Federal Rule of Civil Procedure 26(a) as well as other discovery responses.  *See* Fed. R. Civ. P. 37(a)(3); *see also Morrison v. Washington*, 2022 WL 8189330, at *2 (W.D. Wash. July 25, 2022) ("A district court has broad discretion to grant or deny a motion to compel.").  Rule 26, which governs initial disclosures, states that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy . . . of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]"  Fed. R. Civ. P. 26(a)(ii).

A party can refuse discovery by asserting a valid claim of attorney-client privilege or work-product protection.  *See* Fed. R. Civ. P. 26(b).  "The party asserting attorney-client privilege or work product protection bears the burden of proving that the privilege or protection applies."  *Neonode Smartphone LLC v. Apple, Inc.*, 2022 WL 1285429, at *2 (N.D. Cal. Apr. 29, 2022) (collecting cases).  In federal court, the application of attorney-client privilege is governed by state law, whereas work-product protection is governed by federal law.  *See id.*; *see also MKB Constructors v. Am. Zurich Ins. Co.*, 2014 WL 2526901, at *6–8 (W.D. Wash. May 27, 2014) (explaining when and how federal law applies to claims of attorney-client privilege and work-product protection in Washington State).

As for the attorney-client privilege in bad-faith insurance claims cases, a Washington federal court must "start from the presumption that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjusting process, and that the attorney-client . .

ORDER - 2

. privilege[ is] generally not relevant." *Cedell v. Farmers Ins. Co. of Washington*, 176 Wash. 2d 686, 698–99, 295 P.3d 239 (2013). To overcome this presumption, the insurer must first show that "its attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability; for example, whether or not coverage exists under the law." *Id.* at 699. If this showing is made, the insurer may *then* submit the claims file for an *in camera* review, and the court may also proceed to address any claimed exceptions to the privilege. *See id.*

As for the work-product doctrine, a Washington federal court must apply the standards set forth by Federal Rule of Civil Procedure 26(b)(3), even if the case involves a bad-faith insurance claim. *See MKB*, 2014 WL 2526901, at *8; *see also Santiago v. GEICO Advantage Ins. Co.*, 2023 WL 3035464, at *2 n.1 (W.D. Wash. Apr. 21, 2023). Per Rule 26, "[o]rdinarily, a party may not discover" work product, i.e., "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). But a party can obtain such discovery if it makes a showing "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.*; *see also MKB*, 2014 WL 2526901, at *3. And in the context of bad-faith insurance cases, mental impressions and other opinion work product are discoverable if the "mental impressions are *at issue* in [the] case and the need for the material is compelling." *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (emphasis in original). "At a minimum, compelling need requires that the information sought is not available elsewhere or through the testimony of another witness." *MKB*, 2014 WL 2526901, at *3. And while *Cedell* does not govern a claim of work-product protection in Washington, *see id.* at *8, an insured's "compelling need" can still be "illustrated by *Cedell*, which stands for the

ORDER - 3

basic proposition that an insured's access to their insurer's claim file is crucial in a bad-faith case." *Shaterian v. Mapfre Ins. Co.*, 2025 WL 1592259, at *5 (W.D. Wash. June 5, 2025).

### III
#### DISCUSSION

Counterclaim Plaintiff seeks an order compelling Counterclaim Defendant to produce the entire claim file and the related emails without redactions. *See generally* Dkt. # 58. Counterclaim Defendant responds that the redacted materials are protected by both the attorney-client privilege and the work-product doctrine and so are non-discoverable. *See generally* Dkt. # 61. Alternatively, both parties request that, should the Court determine that further review is necessary, it conduct a limited *in camera* review of the documents at issue. *See* Dkt. ## 58 at 8; 61 at 8.

As for the attorney-client privilege, Counterclaim Defendant argues that it need not produce the redacted materials because Counterclaim Plaintiff has failed to meet their burden under *Cedell*. *See* Dkt. # 61 at 4. But under *Cedell*, it is the insurer's burden to show that the attorney-client privilege applies, not the other way around. *See Cedell*, 176 Wash. 2d at 698–99. And as explained in part II above, *Cedell* imposes a presumption of non-privilege that can be overcome only by an explicit showing that the insurer's attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim. As Counterclaim Defendant has provided no evidence[1] that its attorneys were not engaged in quasi-fiduciary tasks when they prepared the "documents concerning the 'subject case'" or sent the "email

---

[1] Counterclaim Defendant's conclusory statement that its attorneys were "not involved in the adjustment of the claim against Med Pro's insureds[,]" *see* Dkt. # 61 at 3–4, is unsupported by its Response (Dkt. # 61) and undermined by Counterclaim Plaintiff's description of the withheld communications and the claims-handling activities of Counterclaim Defendant's attorneys more generally. *See* Dkt. ## 58 at 7–8; 63 at 2–3. Counterclaim Defendant thus does not satisfy the requisite showing at the first step of *Cedell*.

ORDER - 4

correspondence" at issue in Counterclaim Plaintiff's motion, the Court finds that Counterclaim Defendant has not made its required showing under *Cedell*. The Court thus sees no reason to order an *in camera* review, let alone find that the redacted portions of the claim file and the related emails are protected by the attorney-client privilege.[2] *See, e.g., Shaterian*, 2025 WL 1592259, at *4 (rejecting the insurer's claim of attorney-client privilege because they failed to make the required showing under *Cedell*); *Ten Talents Inv. 1 LLC v. Ohio Sec. Ins. Co.*, 2013 WL 3155379, at *2 (W.D. Wash. June 21, 2013) (same); *MKB*, 2014 WL 2526901, at *10 (rejecting the insurer's supplemental privilege log because it does not satisfy *Cedell*'s requirements).

As for the work-product doctrine, Counterclaim Defendant argues that it need not produce the entire claim file because Counterclaim Plaintiff "cannot and has not established that the mental impressions and opinions concerning coverage under the policy [are] at issue." Dkt. # 61 at 6. Counterclaim Plaintiff responds that Counterclaim Defendant has not shown that the withheld materials are work product, i.e., materials that were prepared and sent in anticipation of litigation. Dkt. # 63 at 3. Alternatively, Counterclaim Plaintiff argues, such materials should still be discoverable even if they are "work product" because: (1) the attorneys' mental impressions are at issue here; and (2) there is a compelling need for Counterclaim Plaintiff to have access to the full, unredacted claim file in this action. *Id*. The Court agrees with Counterclaim Plaintiff.

Although the Court cannot determine based on the present record whether these withheld materials are actually work product, it need not order a supplemental privilege log or an *in camera* review because Counterclaim Plaintiff "has established both elements needed to unlock

_____

[2] Because the Court concludes that Counterclaim Defendant has not overcome the presumption at step one of *Cedell*, it need not reach the parties' arguments concerning the civil fraud exception.

ORDER - 5

[the work-product doctrine]." *Shaterian*, 2025 WL 1592259, at *5. As in *Holmgren*, Counterclaim Plaintiff's bad faith insurance claim directly implicates the "strategy, mental impressions and opinion of the [Counterclaim Defendant's] agents concerning the handling of the claim[.]" 976 F.2d at 577 (quoting *Reavis v. Metro. Prop. & Liab. Ins. Co.*, 117 F.R.D. 160, 164 (S.D. Cal. 1987)). Counterclaim Plaintiff has also shown a compelling need for the unredacted materials, given that "access to [an] insurer's claim file is crucial in a bad-faith case" and the redacted portions of the claims file cannot be obtained through other means. *Shaterian*, 2025 WL 1592259, at *5. And the Court does not see how Counterclaim Defendant's argument—that its attorneys' mental impressions and opinions concerning coverage cannot be at issue because the "partially redacted documents relate to coverage communication that occurred within the first two months of the claim[,]" Dkt. # 61 at 6—defeats either element. The Court thus concludes that even if the redacted materials constitute "work product," Counterclaim Plaintiff is still entitled to their production. *See, e.g.*, *Shaterian*, 2025 WL 1592259, at *5 (rejecting the argument that "everything [the insurer] obtained or created after [the insured] raised the slightest specter of litigation" is protected by the work-product doctrine and granting the insured's motion to compel); *Holmgren*, 976 F.2d at 577 (affirming the district court's decision rejecting the insurer's work-product claim and ordering discovery of certain exhibits).

Accordingly, the Court finds that Counterclaim Defendant has not met its burden of asserting attorney-client privilege or work-product protection over the withheld portions of the claim file and the related emails. It thus concludes that these materials must be produced. *See* Fed. R. Civ. P. 26(b)(1); *Neonode*, 2022 WL 1285429, at *2.

ORDER - 6

## IV
## CONCLUSION

For these reasons, the Court GRANTS Counterclaim Plaintiff's Motion to Compel (Dkt. # 58) and ORDERS Counterclaim Defendant to produce the requested materials to Counterclaim Plaintiff on or before June 1, 2026.

Dated this 18th day of May, 2026.

_John H. Chun_
John H. Chun
United States District Judge

ORDER - 7